IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSH DAVID SCHENKLER, <br> Plaintiff, | § § § | |
| v. | § | No. 3:14-CV-3214-P (BF) |
| CAROLYN W. COLVIN, Acting <br> Commissioner of Social Security, <br> Defendant. | § § § § | |

### FINDINGS, CONCLUSIONS & RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Josh David Schenkler ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying his claim for a period of disability and disability insurance benefits under Title II of the Social Security Act pursuant to Title 42, United States Code, Section 405(g). For the following reasons, the District Court should REVERSE and REMAND the final decision of the Commissioner.

### BACKGROUND

Plaintiff alleges that he is disabled due to a variety of ailments, including sleep apnea, lower back pain, bilateral flat feet, bilateral knee issues, post traumatic stress disorder, bilateral shoulder issues, bilateral wrist issues, heat exhaustion, degenerative arthritis in his knees and back, tendonitis, gastroesophageal reflux disease, a concussion, bilateral hearing loss, migraines, nasal obstruction, paralysis of an external popliteal nerve, and a hernia. *See* Tr. [D.E. 10-3 at 37]. After his application was denied initially and upon reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on February 21, 2014 in Dallas, Texas. *Id.* [D.E.10-3 at 32]. At the time of the hearing, Plaintiff was 43 years old. *Id.* [D.E.10-3 at 33]. Plaintiff has a high school education. *Id.* [D.E.10-3 at 33]. Plaintiff has worked in the past as a janitor and a security

guard. *Id.* [D.E.10-3 at 34]. Plaintiff has not engaged in substantial gainful activity since August 9, 2012. *Id.* [D.E. 10-6 at 3]. On March 28, 2014, the ALJ issued a decision finding Plaintiff not disabled. *See id.* [D.E. 10-3 at 25]. The ALJ determined that Plaintiff has the following severe impairments: obstructive sleep apnea, bilateral shoulder tendonitis, intervertebral disc syndrome with degenerative arthritis changes, bilateral plantar fasciitis, carpal tunnel syndrome, bilateral patellofemoral syndrome, bilateral hearing loss with tinnitus, gastric esophageal reflux disease, and peripheral neuropathy. *See id.* [D.E. 10-3 at 18]. However, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526), and that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) in that he can lift and/or carry 20 pounds occasionally, lift and/or carry 10 pounds frequently, stand/walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday, with a sit/stand option at regular intervals. *See id.* [D.E. 10-3 at 20]. The ALJ determined that Plaintiff could perform the tasks of a modified range of light work in occupations such as Information Clerk, Mailroom Clerk, and Furniture Rental Clerk as identified by the Vocational Expert ("VE"). *See id.* [D.E. 10-3 at 24].

## LEGAL STANDARDS

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can

be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are

available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

Absent an error that affects the substantial rights of a party, administrative proceedings do not require "procedural perfection." *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 2931884, *5 (N.D. Tex. June 30, 2014) (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). Procedural errors affect substantial rights of a party only when the errors "cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). Remand is required where there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error. *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010). Further, "[t]he ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013).

## ANALYSIS

Plaintiff's appeal raises the following issues:

1. Whether the ALJ properly considered all of Plaintiff's functional limitations in determining his RFC;

2. Whether the ALJ gave appropriate weight to medical opinion evidence in determining Plaintiff's RFC; and

3. Whether the ALJ properly considered the VA medical opinion of 100% disability and unemployability in reaching his determination as to Plaintiff's RFC.

*See* Pl.'s Br. [D.E. 12 at 2-3].

Plaintiff argues that the ALJ never made a reference to the VA rating decision nor explain his reasons for not giving weight to this opinion. *See* Pl.'s Br. [D.E. 12 at 15]. Plaintiff argues that the ALJ improperly evaluated the VA's opinion and to the extent this impacted his determination of Plaintiff's RFC, such a determination is not supported by substantial evidence. *See id.* [D.E. 12 at 15]. The Commissioner argues that contrary to Plaintiff's argument that the ALJ never referred to the VA's rating, the ALJ devoted nearly a page of his decision to his explanation of the VA's finding and the medical evidence they relied on in making that finding. *See* Def.'s Br. [D.E. 13 at 10]. In his reply, Plaintiff argues that other than recognizing that a VA rating exists, the ALJ did not make any further reference to the disability determination. *See* Reply [D.E. 14 at 7]. Plaintiff argues that the ALJ failed discuss the weight he gave to the disability determination and failed to properly consider the VA opinion evidence in reaching his RFC determination. *See id.* [D.E. 14 at 7].

"A VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different, but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ." *See Chambliss v. Massanari,* 269

5

F.3d 520, 522 (5th Cir. 2001) (citing *Loza v. Apfel*, 219 F.3d 378, 394 (5th Cir. 2000); *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994); *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981)). While the Fifth Circuit has "sometimes referred to a VA disability determination as being entitled to 'great weight,'" the amount of weight to be given to such an opinion "will vary depending upon the factual circumstances of each case. Since the regulations for disability status differ between the SSA and the VA, ALJs need not give 'great weight' to a VA disability determination if they adequately explain the valid reasons for not doing so." *Chambliss*, 269 F.3d at 522. The Fifth Circuit in *Chambliss* determined that the ALJ adequately explained the valid reasons for not giving the VA's disability determination "great weight" because:

> [T]he ALJ provided specific reasons for giving the VA determination diminished weight. First, the ALJ noted that the VA disability determination was made only a year after Chambliss' heart surgery. Second, although not entirely clear from the ALJ's decision, the ALJ apparently found that the VA disability determination and the treating physician's opinion that Chambliss could not work were "conclusory" in nature because they did not adequately explain why Chambliss could not engage in light work activity.

*Chambliss*, 269 F.3d at 522-23.

In contrast to the ALJ in *Chambliss*, the ALJ here did not adequately explain valid reasons for not giving the Department of Veterans Affair's ("VA") disability determination "great weight." The Commissioner argues that the following constitute a proper consideration of the VA's disability determination: (1) the ALJ devoted nearly a page of his decision to his explanation of the VA's finding and the medical evidence that they relied on in making that finding; (2) the ALJ noted that Plaintiff appealed the previous finding until he was awarded 100% service connected disability; (3) the ALJ further noted that between his VA retirement and disability benefits, he collected $5,000.00 a month; and (4) the ALJ then explained that the VA determination is not controlling on this

6

disability claim because the two agencies use different criteria to determine disability. *See* Def.'s Br [D.E. 13 at 10]; Tr. [D.E. 10-3 at 17]. However, the ALJ's reiteration of the medical evidence relied on by the VA in finding Plaintiff disabled, the disability determination, and the monthly sum Plaintiff receives for his VA retirement and disability benefits are not valid reasons for not giving the VA's disability determination "great weight." Nor is the fact that the VA's disability determination is not controlling in a Social Security proceeding a valid basis for rejecting the VA's disability determination regarding Plaintiff.

Pursuant to *Chambliss*, the ALJ must "adequately explain the valid reasons" for not giving "great weight" to the VA's disability determination. *See Chambliss*, 269 F.3d at 522. The ALJ should give "specific reasons" for the weight given to the VA's disability determination, and the ALJ's failure to so constitutes reversible error. *See id.* at 522-23; *Rich v. Astrue*, No. 3:10-CV-2064-BD, 2011 WL 6606651, at *3 (N.D. Tex. Dec. 22, 2011) ("In most cases, the VA determination is entitled to 'great weight.' . . . While the relative weight given to such a determination will vary depending upon the factual circumstances of each case, an ALJ who declines to give 'great weight' to the VA determination must adequately explain the reasons for not doing so. . . . The failure to follow this rule is legal error requiring reversal.") (citing SSR 06–03p; *Chambliss*, 269 F.3d at 522; *Arebalo v. Astrue*, No. 4:09-CV-496-A, 2010 WL 6571087, at *3 (N.D. Tex. Oct. 7, 2010); *Beltran v. Astrue*, Civ. Action No. 4:09-111, 2010 WL 519760, at *4 (S.D. Tex. Feb. 9, 2010)). Here, other than initially noting that he considered the VA's disability determination, the ALJ does not make any subsequent references to the disability determination. While the ALJ subsequently discusses the VA Medical Center Records in his decision, it is unclear from his decision what his specific reasons are for not giving the VA's disability determination "great weight."

Plaintiff argues that the ALJ failed to properly consider the VA's disability assessment in reaching his RFC determination. *See* Reply [D.E. 14 at 7]. Because the ALJ failed to specify why the VA's disability determination was not accorded "great weight" and failed to further discuss the VA's disability determination, the undersigned is not able to conclude that the ALJ's RFC finding is supported by substantial evidence. Had the ALJ given further consideration to the VA's disability determination and explained why it was not accorded "great weight," the undersigned could determine whether it was properly rejected. However, because the ALJ did not do so, the undersigned is not able to conclude that the ALJ's RFC determination was proper. Therefore, the Court should reverse the final decision of the Commissioner.[1]

## RECOMMENDATION

The District Court should REVERSE the Commissioner's final decision and REMAND this case for further proceedings consistent with this recommendation.

SO RECOMMENDED, this 11 day of August, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

1. Because the undersigned finds that the Commissioner's decision should be reversed on this ground, the undersigned pretermits consideration of Plaintiff's remaining grounds for reversal.

8

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).